UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CEBALLOS, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00358-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Docs. 8-9)<br><br>14-DAY DEADLINE |

**I.     INTRODUCTION**

Shikeb Saddozai alleges in his complaint that the defendants interfered with his ability to pursue administrative remedies. (*See* Doc. 1.) On May 10, 2020, the Court issued a screening order finding that Plaintiff fails to state a claim cognizable claim for relief and granting him leave to amend. (Doc. 10.)

On April 9, 2020, Plaintiff filed a motion requesting that the Court "order plaintiff receive access to the prison law library." (Doc. 8.) Plaintiff filed a nearly identical document on April 23, 2020. (Doc. 9.) The Court construes Plaintiff's filings as a motion for a preliminary injunction. For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**II.    DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

1    preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
2    suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
3    favor, and that an injunction is in the public interest." *Id.* at 20.

4    Plaintiff does not show that he is likely to succeed on the merits of his claims or that he
5    will suffer irreparable harm if the Court denies his requested relief. With respect to the merits,
6    Plaintiff alleges that "prison officials … have blocked and interfered with [his] access to the
7    court, intentionally and repeatedly denied access to prison law library services and resources from
8    March 16 to … April 15, 2020. (Doc. 9 at 1-2.) Plaintiff also alleges that officials have denied
9    him "medical care, mental health treatment and abused and mistreated plaintiff out of retaliation
10   to plaintiff's legal" actions. (*Id.* at 2.) In his first filing, Plaintiff also states that officials "have
11   placed [his] life in threat." (Doc. 8 at 1.)

12   First, Plaintiff does not state a cognizable access to courts claim. Prisoners do not have a
13   "freestanding right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To state an access
14   to courts claim, a plaintiff must allege an "actual injury," i.e., that an official frustrated or
15   hindered his efforts to pursue a direct criminal appeal, a petition for writ of *habeas corpus*, or a
16   civil rights action under 42 U.S.C. § 1983. *Id.* at 343, 351, 354 (citations omitted). Plaintiff does
17   not show that any officials' actions have frustrated his efforts to pursue such a claim.

18   Second, Plaintiff does not state a cognizable claim with respect to his alleged inadequate
19   medical care, mistreatment, and threat to his life because he provides no factual allegations to
20   support these claims. While detailed factual allegations are not required, "[t]hreadbare recitals of
21   the elements of a cause of action, supported by mere conclusory statements, do not suffice."
22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff provides no factual matter
23   regarding these claims, only conclusory assertions.

24   With respect to prospective harm, Plaintiff provides no allegations that he will suffer
25   irreparable harm if the Court denies his requested relief. "Issuing a preliminary injunction based
26   only on a possibility of irreparable harm is inconsistent with our characterization of injunctive
27   relief as an extraordinary remedy that may only be awarded upon a clear showing that the
28   plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citation omitted). Plaintiff does not

make that showing.

Lastly, Plaintiff's requested injunction is unrelated to the claims he brings in this lawsuit. Plaintiff's claims in his complaint stem from Appeals Coordinator J. Ceballos denying his inmate grievances. (*See* Doc. 1 at 7-9.) Plaintiff does not allege that the defendants denied his access to the law library, denied him medical treatment, or threatened his life. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion, the Court lacks the authority to provide the injunctive relief that Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

### III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's motion for a preliminary injunction (Docs. 8-9) be **DENIED**. These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 18, 2020**                    /s/ Jennifer L. Thurston
                                             UNITED STATES MAGISTRATE JUDGE