UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>J. CEBALLOS, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00358-NONE-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 18) |

Plaintiff requests a second extension of time to comply with the Court's screening order (Doc. 10). (*See* Doc. 18 at 1.) Plaintiff states that his access to the prison law library has been restricted. (*Id.* at 2.) The Court finds good cause to grant Plaintiff's request.

Plaintiff also requests the appointment of counsel. (Doc. 18 at 1.) Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of

success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination as to whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. For the reasons set forth above, the Court ORDERS:

1. Plaintiff's request for an extension of time is GRANTED. Plaintiff shall have until **August 10, 2020**, to comply with the Court's screening order.
2. Plaintiff's request for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 9, 2020**              /s/ Jennifer L. Thurston
                                                 UNITED STATES MAGISTRATE JUDGE