UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>            Plaintiff,<br><br>    v.<br><br>J. CEBALLOS, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00358-NONE-JLT (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, GRANTING MOTION FOR EXTENSION OF TIME, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 20, 21) |

On May 10, 2020, the Court issued a screening order directing Plaintiff to file a first amended complaint curing the deficiencies in his pleading. (Doc. 10.) After receiving extensions of time (Docs. 13, 19), Plaintiff failed to file an amended complaint within the time provided. Therefore, the Court issued an order to show cause why this action should not be dismissed for his failure to prosecute. (Doc. 20.)

On September 11, 2020, Plaintiff filed a response to the order to show cause, in which he requests an additional extension of time. (Doc. 21.) Good cause appearing, the Court will discharge its order to show cause and grant Plaintiff an extension of time *nunc pro tunc*.

Plaintiff also requests the appointment of counsel. (Doc. 21.) Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

"exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily.

In addition, the Court does not find that Plaintiff is likely to succeed on the merits. As explained in its screening order, Plaintiff does not state a cognizable claim for relief. (Doc. 10 at 3.) And, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. For the reasons set forth above, the Court ORDERS:

1. The Court's order to show cause (Doc. 20) is DISCHARGED;
2. Plaintiff's request for an extension of time (Doc. 21) is GRANTED;
3. Plaintiff shall have **30 days** from the date of service of this order to comply with the Court's screening order (Doc. 10); and,
4. Plaintiff's request for the appointment of counsel (Doc. 21) is DENIED.

IT IS SO ORDERED.

Dated:   **October 13, 2020**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE