UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>            Plaintiff,<br><br>     v.<br><br>J. CEBALLOS, et al.,<br><br>            Defendants. | No. 1:20-cv-00358-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 27) |

Plaintiff Shikeb Saddozai is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2020, the assigned magistrate judge filed a screening order, finding that plaintiff's complaint fails to state a claim on which relief can be granted. (Doc. No. 11.) The magistrate judge directed plaintiff to file an amended complaint within 21 days. (*Id.* at 7-8.) On May 28, 2020, and July 10, 2020, the magistrate judge granted plaintiff two extensions of time to comply with the screening order because, according to plaintiff, his access to the prison law library was restricted. (Doc. Nos. 13, 19.)

Plaintiff failed to file an amended complaint within the time provided. Therefore, the magistrate judge issued an order to show cause why this action should not be dismissed due to plaintiff's failure to comply with a court order. (Doc. No. 20.) Based on plaintiff's response, the

magistrate judge discharged the order to show cause and granted plaintiff a third extension of time on October 14, 2020. (Doc. No. 22.) On November 18, 2020, the magistrate judge granted plaintiff a fourth extension of time to comply with the screening order. (Doc. No. 24.) Although more than the allowed time has passed, plaintiff has failed to file an amended complaint. Accordingly, on January 4, 2021, the magistrate judge filed findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to obey court orders and failure to state a claim on which relief can be granted. (Doc. No. 27.) The findings and recommendations were served on plaintiff and provided him 14 days to file objections thereto. (*Id.* at 2.)

Plaintiff filed objections on January 15, 2021. (Doc. No. 28.) Therein, plaintiff states that the "Courts [sic] pleadings contained … authoritative citations … that plaintiff cannot rebut without access to prison law library repeatedly denied to plaintiff by prison officials while placed in solitary confinement exceeding 24 hour lockdowns." (*Id.* at 1.) Plaintiff therefore requests an extension of time, the appointment of counsel, and that the court provide him "each citation relied on for argument." (*Id.*) That filing did not specify for what purpose he sought the requested extension of time, though presumably it was related to the filing of an amended complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the pending findings and recommendations to be supported by the record and proper analysis. Despite receiving four extensions of time, plaintiff has failed to file an amended complaint as directed by the magistrate judge's screening order. In his objections, plaintiff implies that he cannot properly rebut the findings and recommendations because he does not have access to the case law relied upon by the magistrate judge. (Doc. No. 28 at 1.) However, access to case law is unnecessary for plaintiff to explain why he has failed to file an amended complaint in the more than eight months since the screening order was issued in May of 2019. Plaintiff does not provide any such explanation.

In his November 12, 2020 motion for an extension of time, plaintiff stated that "due to COVID-19-virus pandemic, prison facilities are on statewide lockdown." (Doc. No. 23.) The

court is aware that state prisons have implemented "modified programs," which limit inmate movement, since the onset of the COVID-19 pandemic. *See, e.g.*, *Anderson v. Doe*, No. 1:20-cv-01620-DAD-SAB, 2020 WL 7651978, at *2 (E.D. Cal. Nov. 19, 2020), *report and recommendation adopted*, 2020 WL 7383644 (E.D. Cal. Dec. 16, 2020); *Coleman v. Newsom*, No. 2:90-cv-00520-KJM-DB, 2020 WL 2306570, at *4 (E.D. Cal. May 8, 2020). Plaintiff, though, does not contend that he has had *no* access to his prison's law library over the past eight months (as opposed to limited access), or that he has had no access during the preceding two months since the magistrate judge granted his fourth extension of time. Nor has plaintiff explained why law library access is necessary to his filing of an amended complaint in light of the guidance provided to him by the screening order. Rather, it appears that plaintiff has simply neglected to prosecute this action.

Accordingly,

1. The findings and recommendations issued on January 4, 2021 (Doc. No. 27) are adopted in full;
2. This action is dismissed for plaintiff's failure to obey court orders and failure to state a claim; and,
3. The Clerk of the Court is directed to assign a district judge to this action for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:  **February 12, 2021**

                                      /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE